## BIRMINGHAM FIRE INS. CO. OF PENN-SYLVANIA v. KIGHT.

No. 13822.

United States Court of Appeals
Fifth Circuit.

March 10, 1952.

Alston Cockrell, Jacksonville, Fla., for appellant.

Will O. Murrell, Will O. Murrell, Jr., Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

PER CURIAM.

By this *motion*, appellee invokes the exercise of the power of this court to dismiss the cause, under its rule 24(4) governing the filing of briefs, for default of appellant in not filing its brief within the time required under the rule. These are the facts:

(1) The record in this cause was filed on Oct. 25, 1951.

(2) Instead of filing its brief within thirty days from that date and at least fifteen days before the case was set for argument, appellant did not file its brief until March 5, more than ninety days after the filing of the record and only seven days before the case was set for argument, nor did it obtain a postponement by consent of appellee or order of the court.

(3) In the meantime, appellee, on January 17, 1952, after first furnishing appellant's counsel a copy thereof, filed a motion to dismiss the cause under rule 24(4) because of appellant's being then in default.

(4) Appellant neither replied to the motion, nor sought relief from the consequences of its default by application to the court for further time, but persisted in it.

(5) On March 4th, the case being then set for submission on March 11th, and appellant still not having replied to the motion, filed its brief, or taken any other steps to relieve itself from the consequences of its default, the motion was set for hearing and was heard on March 5th, and counsel for and against the motion having been fully heard, the matter was submitted.

It is quite clear that the provision of the invoked rule is not mandatory but permissive, and that the practice of this court under it, of which we take judicial knowledge, has not been to enforce it with technical rigidity, especially where it plainly appears from the record, as it does not here, that the appeal is, or may be, meritorious and its dismissal may work manifest injustice.

It is equally clear, however, unless the briefing rule is to be regarded as a nullity, that it should be enforced here, where it has been completely and persistently ignored to the prejudice of the appellee, both by withholding appellant's brief far beyond a reasonable time therefor, and by depriving appellee of the minimum time allowed to him by the rules for his reply, and it does not appear that the appeal is, or may be, meritorious. The motion is granted. The appeal is dismissed.